**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL KEITH REYES,

        Plaintiff-Appellant,

v.

MAGGIE TOULOUSE OLIVER,

        Defendant-Appellee.

No. 09-2043
(D.C. No. 1:09-CV-00070-KBM-WDS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After a county clerk refused his voter registration application, convicted felon Paul Keith Reyes sued for abuse of a position of trust and violation of the Voting Rights Act of 1965 (the "VRA"), 42 U.S.C. § 1971 et seq. The district court dismissed his suit for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

This case stems from an encounter between Reyes and an individual registering voters outside an Albuquerque-area Wal-Mart. When Reyes stated

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

that he could not vote due to felony convictions, he was told that New Mexico law had changed to permit felons to vote. Based on this information, Reyes submitted a voter registration application to the Bernalillo County clerk. Eventually, he received a letter informing him that his application could not be processed because the "[clerk's office's] records show[ed] a felony conviction against [him]."

Reyes then filed a pro se complaint in the United States District Court for the District of New Mexico, claiming that the clerk had "abuse[d] [a] position of trust." A magistrate judge, presiding by consent, reviewed Reyes' complaint pursuant to 28 U.S.C. § 1915(e)(2). Determining that New Mexico law prohibits felons from voting subject to four exceptions, see N.M. Stat. § 31-13-1(A), the magistrate judge granted Reyes an opportunity to amend his complaint to plead that he fell within one of the exceptions. Reyes filed an amended complaint in which he added a citation to the VRA but did not allege additional facts. Because he did not claim that he met one of New Mexico's exceptions to felon disenfranchisement, the magistrate judge dismissed Reyes' amended complaint for failure to state a claim. In the same order, the magistrate judge denied Reyes leave to proceed in forma pauperis.

On appeal, Reyes advances the same arguments he made below. Construing his complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we read it to raise two separate claims: (1) abuse of a position of trust,

and (2) violation of the VRA. Even assuming he possesses a cause of action for abuse of position of trust,[2] we agree with the magistrate judge that Reyes has not pled such an abuse. The facts as alleged by Reyes show that the clerk's actions wholly comported with New Mexico law.[3]

Further, although the magistrate judge did not directly address Reyes' VRA

---

[2] Reyes cites "18 U.S.C. § 3B1.3" as the governing statute for this claim. We understand him to be referring to United States Sentencing Guidelines § 3B1.3, which provides for a sentencing enhancement when a defendant "abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense."

[3] N.M. Stat. § 31-13-1(A) provides:

A person who has been convicted of a felony shall not be permitted to vote in any statewide, county, municipal or district election held pursuant to the provisions of the Election Code, unless the person:

(1) has completed the terms of a suspended or deferred sentence imposed by a court;

(2) was unconditionally discharged from a correctional facility under the jurisdiction of the corrections department or was conditionally discharged from a correctional facility under the jurisdiction of the corrections department and has completed all conditions of probation or parole;

(3) was unconditionally discharged from a correctional facility under the jurisdiction of a federal corrections agency or was conditionally discharged from a correctional facility under the jurisdiction of a federal corrections agency and has completed all conditions of probation or parole; or

(4) has presented the governor with a certificate verifying the completion of the sentence and was granted a pardon or a certificate by the governor restoring the person's full rights of citizenship.

claim, we conclude it too fails. Reyes cites 42 U.S.C. § 1971, but he does not allege facts that would amount to a violation of that section: He does not contend that the county clerk acted on the basis of race, color, or previous condition of servitude. Indeed, Reyes does not even make mention of his own race. See § 1971(a)(1).[4] Further, as explained supra, Reyes has not claimed that he is "qualified under [New Mexico] law or laws to vote in any election." See § 1971(a)(2)(A); Farrakhan v. Washington, 338 F.3d 1009, 1022 (9th Cir. 2003). Nor does Reyes plead a violation of other VRA provisions: New Mexico is not subject to § 5 of the VRA, see 28 C.F.R. pt. 51, app., and Reyes does not claim that New Mexico's felon disenfranchisement law is "imposed or applied . . . in a manner which results in a denial or abridgement of the right . . . to vote on account of race or color, or [because of membership in a language minority group]" in violation of § 1973.

For the foregoing reasons, the dismissal of Reyes' complaint is **AFFIRMED** and his request to proceed in forma pauperis is **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[4] Because the facts as alleged do not violate § 1971, we do not reach the question of whether § 1971 supports a private right of action. See Schwier v. Cox, 340 F.3d 1284, 1294-97 (11th Cir. 2003).

- 4 -